UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHOD L. BROWN,

                Petitioner,         CASE NO. 2:14-CV-10243
                                            HON. GERSHWIN A. DRAIN

v.

LORI GIDLEY,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS [#2]

### I. Introduction and Background

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Petitioner was convicted in the Wayne Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317; two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and possessing a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The trial court sentenced him to 660–to–990 months for the murder conviction, 240-to-480 months for the assault convictions, 1-to-5 years for the felon in possession conviction, and a consecutive 5 years for the felony-firearm conviction.

The petition claims that: (1) Petitioner has discovered new evidence in support of his alibi defense; (2) Petitioner was denied the effective assistance of counsel for failure to present an alibi defense; (3) Petitioner was denied the effective assistance of counsel for failing to object to

the jury instructions; and (4) appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal. Petitioner states that these claims were not presented to the state courts during his direct appeal.

Along with his petition, Petitioner has filed a motion to stay the proceedings so that he may return to state court to present his habeas claims there. For the reasons stated below, the Court grants Petitioner's motion.

Following Petitioner's conviction, he filed an appeal of right, raising claims different from those presented in his current petition. His direct appeal concluded when the Michigan Supreme Court denied leave to appeal on November 20, 2012. *People v. Brown*, No. 145392 (Mich. Sup. Ct. Nov. 20, 2012). For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on or about February 20, 2013. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The instant petition was filed on January 17, 2014.[1]

## II. Law and Analysis

Petitioner's motion states that he wants his habeas petition to be stayed and held in abeyance pending exhaustion of his state court remedies with respect to his new claims.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly

---

[1] The Court notes that Petitioner also filed a previous habeas petition that was summarily dismissed without prejudice on exhaustion grounds. *Brown v. Curtin*, No. 13-cv-1389 (E.D.Mich. July 31, 2013).

presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available in circumstances where the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Because of concerns regarding the statute of limitation, the Court will grant Petitioner a stay. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no

delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to complete post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner timely pursuing his state court remedies in the Michigan Court of Appeals and Michigan Supreme Court following the disposition of his post-conviction motions in the trial court, then returning to federal court within thirty (30) days of completing exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. Conclusion

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance [#2] is **GRANTED**. Petitioner must timely pursue his state court remedies by filing a motion for relief from judgment in the trial court, and if he does not obtain relief, he must file appeals in the Michigan Court of Appeals and Michigan Supreme Court.

Petitioner shall notify this Court when his post-conviction appeal papers have been filed. Petitioner shall then file a motion to re-open this case and an amended petition within thirty (30) days after the conclusion of the state court post-conviction proceedings. Petitioner shall file this motion using the caption and case number from this case.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

-5-

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

                                                                /s/Gershwin A Drain
                                                                Honorable Gershwin A. Drain
                                                                United States District Judge

Dated:  February 24, 2014